UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY HUBER, BEATRIZ
D'AMICO-SOUZA, MICHAEL
UNSWORTH and TINA UNSWORTH,

    Plaintiffs,

v.                                        Case No. 8:11-cv-1250-T-30EAJ

GMAC MORTGAGE, LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 10), Plaintiffs' Response in opposition (Dkt. 26), and Defendant's Reply (Dkt. 32). The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted for lack of subject matter jurisdiction under the abstention doctrine.

## BACKGROUND

The named Plaintiffs in this class action are homeowners that are currently defendants in foreclosure proceedings in state court. Plaintiffs allege that Defendant GMAC Mortgage, LLC ("GMAC") engaged in a fraudulent scheme to fabricate and falsify documents, untimely assign mortgages, and improperly notarize documents, for its benefit and for the benefit of third party mortgage holders. Plaintiffs assert four claims: (1) a section 1983 claim for

depriving them of their constitutional right to due process (Count I); (2) an abuse of process claim (Count II); and (3) two declaratory judgment claims related to GMAC's alleged unclean hands (Count III) and Plaintiffs' request for a declaration that GMAC's affidavits submitted in the state court foreclosure proceedings are void (Count IV).

GMAC moves to dismiss Plaintiffs' claims for lack of jurisdiction, failure to state claims upon which relief can be granted, and failure to join necessary parties. The Court concludes that it should abstain from exercising jurisdiction over Plaintiffs' claims under the abstention doctrine.

## DISCUSSION

GMAC argues, in part, that Plaintiffs' claims are barred under the *Younger* abstention doctrine. *See generally Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees. The Court of Appeals for the Eleventh Circuit extensively analyzed the *Younger* abstention doctrine in *31 Foster Children v. Bush,* 329 F.3d 1255 (11th Cir. 2003). First, although the court recognized that abstention is the exception, rather than the rule, it stated that *Younger* abstention "derives from 'the vital consideration of comity between the state and national governments.'" *Id.* at 1274 (*citing Luckey v. Miller,* 976 F.2d 673, 676 (11th Cir. 1992)). The court stated that "[t]he question ... is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (*citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The Eleventh Circuit further elaborated on the first and third *Middlesex* factors. *Id.* at 1275-82. Regarding the first factor, the court clarified that not only must there be an ongoing state proceeding, but also "the federal proceeding [must] interfere with the state proceeding." *Id.* at 1275. The court stated further: "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id.* at 1276.

As to the third *Middlesex* factor, the court stated that "the plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims." *Id.* at 1279. Further, quoting *Pennzoil Company v. Texaco, Inc.,* 481 U.S. 1, 15 (1987), the court recognized that the "federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Id.*

With respect to the first factor, the Court concludes that Plaintiffs' requested relief in this case would interfere with the ongoing state proceedings. Although Plaintiffs are not per se requesting this Court to enjoin the state-court foreclosure proceedings, Plaintiffs' requested relief, if granted, would severely undermine the foreclosure actions. Indeed, Plaintiffs' declaratory actions in this case request the Court to make a declaration as to their equitable defense of unclean hands in the state-court foreclosure proceedings, preclude or limit GMAC from obtaining a deficiency judgment, and declare that the affidavits and other documents GMAC submitted to the state courts in the foreclosure proceedings against members of the class are void (Dkt. 1).

Importantly, the Eleventh Circuit stated in *31 Foster Children*:

> The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required. In *O'Shea,* the Supreme Court held that abstention was required where an injunction would have "*indirectly* accomplish[ed] the kind of interference that *Younger v. Harris* ... and related cases sought to prevent." *Id.* at 500, 94 S.Ct. at 678 (emphasis added). The plaintiffs in *O'Shea* did not seek to enjoin directly any pending prosecutions but apparently did seek a federal court injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials. The requested injunction contemplated interruption of the state proceedings in order for the federal court to adjudicate compliance by the defendants with the injunction, through what the Supreme Court called "an ongoing federal audit of state criminal proceedings." *Id.* at 500, 94 S.Ct. at 678. The Court found that the injunction "would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim *ab initio.*" *Id.* at 501, 94 S.Ct. at 679.

329 F.3d at 1276. Here, Plaintiffs' requested relief in this action similarly would indirectly accomplish the kind of interference that *Younger* seeks to prevent. Accordingly, the first factor is met.

The second *Younger* factor, i.e., that the ongoing state judicial proceedings "implicate important state interests" is also met in this case. *Middlesex,* 457 U.S. at 432. Many courts recognize that state mortgage foreclosure actions implicate important state interests. And it appears undisputed that the named Plaintiffs' foreclosure proceedings are ongoing. As set forth by another court residing in the Middle District of Florida: "This Court agrees that Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference." *Sergeon v. Home Loan Center, Inc.*, 2010 WL 5662930, at *2-*4 (M.D. Fla. Oct. 26, 2010). Accordingly, the second *Younger* factor is met.

The Court concludes that the third and final *Younger* factor is also met. As recognized by the Eleventh Circuit in *31 Foster Children,* Plaintiffs have the burden to establish that "the state proceedings do not provide an adequate remedy for [their] federal claims." 329 F.3d at 1279. Here, Plaintiffs have not even asserted, much less carried their burden of establishing that the Florida state courts are inadequate forums for their federal claims, other than making an argument on behalf of the unnamed class members. Because the Court has not approved the alleged class, any argument on behalf of non-party plaintiffs lacks merit. And any future plaintiffs suffering foreclosure would still have the opportunity to present the claims set forth in this action in the state-court foreclosure proceedings.

Importantly, the Court must assume that the Florida courts provide an adequate forum and can provide adequate remedies for any federal claims Plaintiffs may have; there is no "unambiguous authority to the contrary." *Pennzoil,* 481 U.S. at 15. Indeed, as GMAC points out in its motion, some of the Plaintiffs have challenged the mortgage assignments and raised the defense of unclean hands in their state foreclosure actions.[1]

Finally, it is important to note that Plaintiffs' argument that the Court has jurisdiction under the Class Action Fairness Act ("CAFA") misconstrues the point of *Younger* abstention. In other words, the issue is not as narrow as whether the Court has federal jurisdiction under federal question or diversity jurisdiction, but whether the Court should abstain from exercising jurisdiction because Plaintiffs' claims interfere with and would have undue

---

[1] The parties do not dispute that the Court may take judicial notice of the state court foreclosure documents filed in *Huber I*. And the Court's consideration of same does not convert the motion to dismiss to a summary judgment motion because they are central to Plaintiffs' claims.

influence on ongoing state-court proceedings. Thus, the fact that Plaintiffs brought their claims here under CAFA has no impact on the Court's analysis of the *Younger* factors, which all weigh in favor of abstention. *See Gatti v. Louisiana*, 2011 WL 1827437, at *5 (M.D. La. Feb. 25, 2011) ("If the court determines that it has jurisdiction over this matter based on CAFA . . . it must then consider whether an abstention doctrine" applies).

Accordingly, Plaintiffs' complaint must be dismissed without prejudice for lack of subject matter jurisdiction under the *Younger* abstention doctrine.[2]

The Court submits that Plaintiffs' claims would be subject to dismissal for failure to state a claim even assuming, for the sake of argument, that the Court did not dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs' section 1983 claim does not allege a right protected by section 1983 and GMAC did not act under color of state law under the allegations of this case. *See Carson*, 2011 WL 2470099, at *1-*2. Also, Plaintiffs fail to state a Florida abuse of process claim for the reasons set forth in Defendant's motion and reply, i.e., the submission of affidavits and documents in the foreclosure cases does not constitute "process" or an abuse of process under Florida law. Finally, Plaintiffs' declaratory judgment claims fail to state a claim because they are not justiciable. The claims

---

[2] Although not argued by Defendant, the Court concludes that this case would also be subject to dismissal under the *Colorado River* abstention analysis for substantially the same reasons as discussed in *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 2011 WL 4529604, at *7-*10 (M.D. Fla. Sept. 30, 2011). "*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal and Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). *See also CCB, LLC v. BankTrust*, 2011 WL 3684518 (11th Cir. Aug. 23, 2011); *Carson v. Wells Fargo Bank, N.A.*, 2011 WL 2470099 (M.D. Fla. June 20, 2011); *Preston v. Fishman*, 2011 WL 129843 (M.D. Fla. Jan.14, 2011); *Sergeon v. Home Loan Center, Inc.*, 2010 WL 5662930 (M.D. Fla. Oct. 26, 2010), adopted 2011 WL 308176, at *1 (M.D. Fla. Jan. 27, 2011).

do not equate to "a case of actual controversy," but rather request this Court to enter a declaration about the legal status of evidence offered in their pending foreclosure actions and the viability of certain equitable defenses in those actions. *See generally* 28 U.S.C. §2201(a).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 10) is GRANTED as stated herein.

2. Plaintiffs' Motion for Leave to file Amended Complaint (Dkt. 27) is DENIED as futile because Plaintiffs' proposed amendments do not alter the Court's analysis as stated herein.

3. This case is dismissed without prejudice.

4. The CLERK is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1250.mtdismiss10.frm